Nos. 04-00-00701-CR & 04-00-00702-CR


Roland HERRERA,


Appellant



v.



The STATE of Texas,


Appellee



From the 227th Judicial District Court, Bexar County, Texas


Trial Court Nos. 1999-CR-3797 & 1999-CR-3798


Honorable Philip A. Kazen, Jr., Judge Presiding



PER CURIAM


Sitting: Alma L. López, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: December 13, 2000


DISMISSED FOR WANT OF JURISDICTION


 Pursuant to plea agreements, the appellant, Roland Herrera, pled "guilty" to indictments
charging him with the offenses of possession of a controlled substance, four grams or more but less
than 200 grams in Cause No. 1999CR3797, and 200 grams or more but less than 400 grams in Cause
No. 1999CR3798. (1) Herrera's plea agreements capped punishment at 12 years confinement, and took
into consideration Cause Nos. 99CR2834 and CC720158. The trial judge accepted Herrera's plea,
adjudicated him guilty, and sentenced Herrera to twelve years in prison. Herrera's sentence was
imposed on January 3, 2000.

 On February 1, 2000, Herrera filed pro se motions for new trials. Because he filed motions
for new trials on February 1, 2000, Herrera's notices of appeal were due to be filed by April 3, 2000.
Tex. R. App. P. 26.2(a)(1). Motions for extension of time to file the notices of appeal were due on
April 18, 2000, but Herrera did not file motions for extension of time. Tex. R. App. P. 26.3. Instead,
Herrera filed notices of appeal in the trial court on October 10, 2000.

 Our initial review of the records in these appeals indicated that we did not have jurisdiction
because the notices of appeal were late, so we ordered Herrera to show cause in writing why the
appeals should not be dismissed for lack of jurisdiction. In response, Herrera's appellate attorney
filed responses stating that she had not received notification of her appointment until October 17,
2000, and did not realize at that time that notices of appeal had not been filed earlier. The appellate
attorney concluded by asking us to retain these causes on this court's docket. We are unable to do
so.

 To invoke this court's jurisdiction for an appeal from a criminal conviction, an appellant
must follow the requisites for perfection of an appeal. See Tex. R. App. P. 25.2. The rules of
appellate procedure require an appellant to perfect an appeal by filing a notice of appeal within thirty
days after the day sentence is imposed or suspended in open court. See id. R. 26.2. Herrera,
however, did not file his notices of appeal until October 10, 2000, six months after the deadline for
filing the notices of appeal. Because we have no jurisdiction over these appeals, the appeals are
dismissed for lack of jurisdiction. (2)

 PER CURIAM 

DO NOT PUBLISH






1. The judgment in Cause No. 1999CR3797 is the subject of Appeal No. 04-00-00701-CR; the judgment in Cause
No. 1999CR3798 is the subject of Appeal No. 04-00-00702-CR.
2. Although the attorney's response is not a basis for establishing jurisdiction, those reasons could possibly serve
as the basis for obtaining an out-of-time appeal under article 11.07 of the Texas Code of Criminal Procedure.